```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION


UNITED STATES OF AMERICA,    )
                             )
Plaintiff,                   )
                             )
vs.                          )    NO. 2:06-CR-109
                             )
ERIK ZAHURSKY,               )
                             )
Defendant.                   )
```

## OPINION AND ORDER

This matter is before the Court on: (1) the letter received by the Court on October 12, 2006, written by Defendant, Erik Zahursky; and (2) Defendant's Objection to Placing Private Letter to Judge on the Record, filed by Zahursky's counsel on October 19, 2006.  For the reasons set below, the relief requested in Zahursky's letter is **DENIED**.  Defendant's Objection is **SUSTAINED IN PART AND OVERRULED IN PART**.  The objection is **OVERRULED** to the extent Defendant requests that the letter be excluded from the record.  The objection is **SUSTAINED** to the extent Defendant requests the letter be placed on the record under seal.  The Clerk is hereby **ORDERED** to place the letter on the record **UNDER SEAL**.

On October 12, 2006, this Court received a letter from Defendant, Eric Zahursky.  Generally, it is the practice of this Court to place such letters on the record.  However, in this case, Defendant's

counsel filed an objection to placing the private letter on the record, arguing that Zahursky never intended for the letter to be placed on the record, and urging that because this is a highly publicized case, placing the letter on the record may taint the jury pool.  Defendant's counsel provided no legal authority to support his assertions that placing this letter on the record would be improper.  Defendant's counsel requested that if this Court did decide to file the letter on the record, the letter should be placed under seal.

   The Government filed a response to Defendant's objection to placing the letter on the record on October 24, 2006.  The Government contends that failure to make the letter part of the record would result in an *ex parte* communication between this Court and Defendant, unfairly resulting in the Government lacking knowledge of the contents of the letter.  On October 26, 2006, Zahursky's counsel filed a reply.  This Court held a hearing on this matter on November 3, 2006, at which Zahursky's counsel and the Government were present.  At the hearing, the parties stipulated that the letter would be given to the Government, and filed on the record under seal until further notice of the Court.

   Finally, it must be noted that it is inappropriate for a party, such as Defendant, to correspond directly with this Court *ex parte*.  In the past, the Seventh Circuit has voiced its disapproval of such *ex parte* communications.  *See, e.g., Magnus Elec., Inc. v. Masco Corp. of Indiana*, 871 F.2d 626, 633 (7th Cir. 1989); *Chicago, Milwaukee, St.*

*Paul & Pacific R.R. v. United States*, 585 F.2d 254, 263 (7th Cir. 1978). Therefore, all future correspondence shall be in the form of a motion, filed with the Clerk's Office, with service upon all interested parties. Also, because Defendant is represented by counsel, any such motion should be filed through his attorney.

**DATED: November 7, 2006**            **/s/RUDY LOZANO, Judge**
                                        **United States District Court**