# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

ERIK D. ZAHURSKY,        )
                             )
Petitioner,           )
                             )
vs.                   )    NO. 2:12-CV-85
                             )     (2:06-CR-109)
UNITED STATES OF AMERICA,  )
                             )
Respondent.           )

## OPINION AND ORDER

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Petitioner on February 23, 2012. For the reasons set forth below, this motion is **DENIED** and the action is **DISMISSED WITH PREJUDICE.** Additionally, the Court finds that a certificate of appealability should not issue.

The following filings are also before this Court: various letters and/or supplements to the 2255 petition [DE #216, DE #218, DE #227], a Motion to Resolve by the Granting of the Requested Relief [DE #228], a request for a response by October 31, 2012 [DE #229], a Motion to Resolve by Granting the Entitled Relief [DE #230], a Motion to <u>Resolve</u> by the Granting of Entitled Relief by November 16, 2012 [DE #231], a Motion for Resolve by the Granting of Entitled Relief Within 30 days [DE #232]; Motion-Petition to Resolve Amiably Cause Number 2:12-CV-85 by the End of 2012 or So By the Granting of the Requested Relief [DE

#233]. Each of the requests contained in these letters and/or motions are **DENIED AS MOOT**.


BACKGROUND

Defendant, Erik D. Zahursky ("Zahursky"), was charged with attempting to persuade, induce, entice, or coerce "Shelly," whom defendant believed to be a female minor under the age of eighteen (18), to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). A jury found him guilty on April 10, 2007. On January 14, 2008, this Court sentenced Zahursky to 262 months of imprisonment and 20 years of supervised release.

Zahursky appealed. *United States v. Zahursky*, 580 F.3d 515 (7th Cir. 2009). On appeal, Zahursky asserted that this Court erred in denying a motion to suppress evidence obtained during a warrantless search of his vehicle; this court erred in admitting evidence of other bad acts pursuant to Federal Rule of Evidence 404(b), and this Court erred in applying a two-level sentencing enhancement for unduly influencing a minor under United States Sentencing Guideline ("U.S.S.G") Section 2G1.3(b)(2)(B). *Id.* at 521. Zahursky's first two arguments were rejected, and his conviction was affirmed. *Id.* at 521–526. The Seventh Circuit Court of Appeals, however, agreed with Zahursky that this Court misapplied U.S.S.G. section 2G1.3(b)(2)(B). *Id.* at 526–528. Because it was not clear to the Seventh Circuit that this Court would have imposed the same sentence in the absence of the

error in calculating the guidelines, the case was remanded for resentencing. *Id.*

On April 29, 2011, this Court resentenced Zahursky. The Court considered numerous arguments and objections offered by Zahursky's counsel, including an argument that the Seventh Circuit's opinion remanding the case based on a misapplication of U.S.S.G. section 2G1.3(b)(2)(B) also prevented this Court from relying on U.S.S.G. section 2G1.3(d) to enhance his sentence. This Court found that the argument was not raised on appeal, and was therefore waived. [DE #207 at 19]. Upon resentencing, this Court recalculated Zahursky's adjusted offense level as 34, and his criminal history category as 2, resulting in a new guideline sentencing range of 168-210 months imprisonment. [DE #207 at 26]. This Court, addressing Zahursky at the sentencing hearing, noted prior to imposing the sentence, that "I really struggled in not giving you an exact sentence that I gave before, I'm not going to do that. I'm going to give you a sentence at the top of the guideline range as determined in this case." [DE# 207 at 37]. This Court imposed a sentence at the high end of the newly calculated guideline range: 210 months of imprisonment and a 20 year term of supervised release.

Zahursky appealed once again. *United States v. Zahursky*, 668 F.3d 456 (7th Cir. 2012). In this appeal, Zahursky argued that the Seventh Circuit's opinion remanding the case precluded not just the enhancement imposed under U.S.S.G. section 2G1.3(b)(2)(B), but also

an enhancement under U.S.S.G. section 2G1.3(d). *Id.* at 457. The Seventh Circuit affirmed this Court's sentence, finding that this Court was not obligated to consider this new argument on remand. *Id.* at 459.

Subsequently, Zahursky filed the instant section 2255 petition as well as various supplements to that petition. Zahursky seeks both his immediate release and financial compensation. Zahursky believes that the Seventh Circuit's opinion in *United States v. Taylor*, 640 F.3d 255 (7th Cir. 2011), mandates his release. [DE #213 at 1; DE #113-2 at 4]. He also believes that this Court misapplied 18 U.S.C. section 3553(a)(1)(2)(6)(7). [DE #213 at 1; DE #113-2 at 4]. Additionally, he claims that his counsel was ineffective:

> by lack of communication & failure to communicate effectively the numerous concerns of the defendant regarding: definition-context, the evidence, law-policy, & civil-constitutional violations toward the defendant by the government facilitating, fabricating & inflaming <u>the offense</u>. In doing so, placing the Defendant in <u>harm's way</u> & <u>absolute poverty</u>: homeless, unemployable, & disabled with potential irreversabilities <u>unnecessarily</u>.

[DE #213 at 2; DE #213-2 at 5].

On the whole, Zahursky's many communications relative to his section 2255 petition are consistent with the letters he has written this Court throughout the pendency of his case: he believes that what he did is not a crime, and that even if it is, the punishment is out of proportion to the crime. He refers to his actions as necessary for his personal enlightenment and believes that he has learned his lesson

-4-

and should therefore be released. [DE #213-2 at 8]. Zahursky also indicates many times that he is in the process of attempting to renounce his citizenship pursuant to 8 U.S.C. section 1481, and repeatedly discusses his hope to lead a nomadic life of "tranquil serenity" in central North America upon his release. [*see e.g.* DE #213-2 at 2; DE #338 at 1].[1] He also provided documents suggesting that he has tried to disavow his social security number and that he believes he is entitled to a refund of the contributions made on his behalf. [DE #227 at 11, seeking a lump sum return of funds with interest].

Although not discussed at all in his motion, Zahursky has attached a letter from Attorney Kerry Connor (who represented Zahursky following the Seventh Circuit's remand) in which Attorney Conner conveys to Zahursky that his conviction and sentence following remand were affirmed by the Seventh Circuit. Attorney Connor notes that "[t]he Court concluded that because the issue regarding the pseudo-counts was not raised in your first appeal, it was considered forfeited in the re-sentencing." [DE #213-4 at 4-5]. Zahursky has underlined this portion of the letter. [*Id.*]. The letter continues by noting that the Seventh Circuit's opinion "suggests that had the pseudo-count issue been raised by your first appellate counsel, you

_____

[1]At one point, Zahursky appears to be seeking a certificate of loss of nationality from this Court. [DE #228 at 1]. To the extent he is seeking this relief from this Court, the requests is outside the scope of this proceeding, and is accordingly **DENIED.**

would have at least gotten a remand on the issue" and that this lays a foundation for a 2255 motion on that point. [*Id.*].

The Government asserts that each of Zahursky's claims are without merit. The motion has been fully briefed, and is ripe for adjudication.

DISCUSSION

Section 2255 Petition

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.; see also Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [t]here are three types of issues that a section
> 2255 motion cannot raise: (1) issues that were
> raised on direct appeal, absent a showing of
> changed circumstances; (2) nonconstitutional
> issues that could have been but were not raised
> on direct appeal; and (3) constitutional issues

> that were not raised on direct appeal, unless the
> section 2555 petitioner demonstrates cause for
> the procedural default as well as actual
> prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Zahursky's motion, the Court is mindful of the well-settled principle that, when interpreting a *pro se* petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro
> se pleadings "means that if the court can
> reasonably read the pleadings to state a valid
> claim on which the [petitioner] could prevail, it
> should do so despite the [petitioner's] failure

> to cite proper legal authority, his confusion of
> various legal theories, his poor syntax and
> sentence construction, or his unfamiliarity with
> pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Petitioner's claims with those guidelines in mind.

The facts of this case can be summarized as follows:

Special Agent Ryan E. Moore ("SA Moore"), a member of the Electronic Crime Squad of the United States Secret Service, created a Yahoo profile for a fictitious fourteen (14) year-old girl. The profile name was "Sad_Shelly200" and a photo was posted. SA Moore entered a chat room using the Sad_Shelly200 profile and was approached by "Gracespace101", a profile registered to Erik D. Zahursky. Zahursky, who identified himself as Erik in the chats, spent nearly three weeks communicating with Sad_Shelly200 about sex, including giving her instructions regarding sex and discussing his previous sexual exploits with minors. The details need not be repeated here.

Zahursky was also engaging in chats with someone using the screen name "holly1989cuties," and he attempted to arrange for the three of them to engage in sex. This did not work out, and he initiated discussions with Sad_Shelly200 about a possible threesome with one of

her friends, a fictitious friend named "Lindsey."

Eventually, Zahursky made plans with Sad_Shelly200 to meet for the purpose of engaging in sex with Sad_Shelly200 and her friend Lindsey. Zahursky was to meet Sad_Shelly200 on June 21, 2006, at a Starbucks in Valparaiso, Indiana at 6:00 p.m. Zahursky indicated he would be wearing sweats, a black or white cotton shirt, white tennis shoes, tinted glasses, and a jean hat that reads "2000" and has little aliens peeking out of the zeros. He indicated he would be driving a gold Mercury Sable. He further indicated that he would bring lubricant. They had previously discussed the use of condoms to prevent pregnancy.

Zahursky arrived at the Starbucks in Valparaiso driving the Mercury Sable and wearing the clothing he had described. He was apprehended by agents after he entered the Starbucks. Following his arrest, a search of his vehicle revealed directions from his Illinois home to the Starbucks in Valparaiso and a duffle bag containing lubricant and condoms. Zahursky's computer was seized and was found to contain evidence of chats with Sad_Shelly200, holly1989cuties, and someone utilizing the screen name Xanthery.

The evidence at trial established that, just as Zahursky had bragged during his chats, he had in fact had sex with a minor previously. This individual, S.S., testified that she met Zahursky on the internet and had sex with Zahursky on two occasions when she was 14 or 15 years of age.

Zahursky testified at trial. He claimed that he was annoyed by minors in adult chat rooms and tried to use "reverse psychology" to get them to leave the chat rooms. He further alleged that he suspected that Sad_Shelly200 was a cop and that he had an "urge of curiosity" so he went to meet her to confirm this suspicion. He denied that he intended to have sex with Sad_Shelly200.

## Petitioner's Claim That the Decision of *United States v. Jeffrey Taylor* Renders his Conviction Unlawful

Zahursky asserts that the case of *United States v. Taylor*, 640 F.3d 255 (7th Cir. 2011), requires his immediate release. Zahursky's theory seems to be that he is less culpable than Taylor, who masturbated on a webcam in view of a police agent who identified herself as a 13-year-old girl. [DE #228 at 4, "The defendant never exposed self to unknown entity. The defendant never met unknown entity – unknown entity did not exist...."].

Taylor, like Zahursky, was charged with a violation of 18 U.S.C. section 2422(b). The charge against Taylor was predicated upon sexually explicit chats, his attempts to have a person he believed to be a minor masturbate, and his masturbation via a webcam. *Id.* at 257. It was not alleged that Taylor made arrangements to meet anyone or that he traveled to meet anyone. Taylor was convicted, and that conviction was overturned because the Court of Appeals determined that the phrase "sexual activity" in 18 U.S.C. section 2422 was not defined and there was ambiguity as to whether masturbation counted as "sexual

activity" within the meaning of the statute. *Id.* at 259-60. The conviction was set aside based on the rule of lenity, which requires that, "when there are two equally plausible interpretations of a criminal statute, the defendant is entitled to the benefit of the more lenient one." *Id.*

Zahursky was not charged with masturbating on a webcam, and thus the holding that doing so is not sexual activity within the meaning of 18 U.S.C. 2422(b) has no bearing on his case. Zahursky is charged with attempting to persuade, induce, entice, or coerce "Shelly," whom defendant believed to be a female minor under the age of eighteen (18), to engage in sexual activity. For this offense, there need not be any actual sexual activity at all; and, the evidence at trial was more than sufficient to support a finding that the crime he attempted to commit involved acts which would be defined as sexual activity within the meaning of the statute. All that is required is that he intend to complete the crime and take a substantial step toward its completion. *Braxton v. United States*, 500 U.S. 344, 349 (1991). The Seventh Circuit has held that a "relatively concrete conversations about making a 'date'" and checking on the partner's birth control practices were sufficient substantial steps. *United States v. Zawada*, 552 F.3d 521, 535 (7th Cir. 2008). Zahursky did so much more than that: he made concrete plans for a meeting, including details about what he would wear, what he would drive, and what he would bring with him (condoms and lubricant), and he followed through with those

plans by arriving at the meet location dressed as indicated, driving the car he said he would be driving, and with condoms and lubricant in the car. *Taylor* simply does not apply to the facts of Zahursky's case.

## 3553(a) Factors

Zahursky believes this Court misapplied 18 U.S.C. section 3553(a). His motion includes the following notations in reference to this claim:

> -A sentence imposed should be sufficient, but <u>not</u> greater than necessary <u>to comply</u>...
> -A <u>just</u> punishment for the offense. (of kind & Degree)
> -To <u>avoid</u> sentence disparities.
> - <u>No</u> victim.
> - The law should take precedent <u>over</u> policy (Booker).
> -To provide educational/vocational, medical, "<u>other</u>" (financial assistance) correctional treatment to assist the defendant to re-enter society in the <u>most</u> effective manner.
> The defendant <u>is</u> a first time offender (<u>if</u> that - "attempt" the statute was <u>not</u> violated by any of it's elements)...having <u>no</u> criminal history or conditioning & living in a sheltered environment. The first sentence of <u>262</u> months imprisonment & <u>20</u> years court supervision (category II Level 34) is a death sentence costing the government <u>over</u> $500,000... The second sentence of <u>210</u> months imprisonment & <u>20</u> years court supervision <u>is not</u> any better... The mandatory minimum of <u>60</u> months imprisonment & <u>3</u> to <u>5</u> years court supervision is too extreme for <u>this</u> particular individual circumstance yet has been paid in full(then some) of <u>72</u> months imprisonment (End of June 21, 2012)(Hoping for relief by May 1, 2012 or so).

[DE #213-2 at 4-5].[2]

Zahursky's first direct appeal did not raise the issue of whether his sentence violated 18 U.S.C. section 3553(a). This issue could have been raised on direct appeal, and it was not. Furthermore, he has not alleged any reason that it was not raised on direct appeal, and he has not alleged actual prejudice from the failure to appeal this issue. Even if this issue had been appealed, the Seventh Circuit is quite deferential in reviewing the findings of district court's under 18 U.S.C. section 3553(a). *See United States v. Freeman*, 691 F.3d 893, 902 (7th Cir. 2012)("A sentence is reasonable if the district court gives meaningful consideration to the factors enumerated in 18 U.S.C. § 3553(a), including the advisory sentencing guidelines, and arrives at a sentence that is objectively reasonable in light of the statutory factors and the individual circumstances of the case. ... We review the substantive reasonableness of a sentence deferentially, for abuse of discretion, and presume that a within-guidelines sentence is reasonable." (Internal citations and quotations omitted)).

---

[2]In his reply, Zahursky treats his argument based on *United States v. Booker*, 543 U.S. 220 (2005), as separate from his argument that section 3553(a) was not applied appropriately. *Booker* held that the United States Sentencing Guidelines are advisory only, thus returning a substantial degree of sentencing discretion to judges. His reference to *Booker* and his reference to 18 U.S.C. section 3553(a) both appear to be based on his belief that his sentence (which fell within the guideline range) was simply too great for the offense, and this Court will treat these as one argument.

Although the Seventh Circuit did remand this case due to an error in the calculation of the guidelines, they indicated that if this Court had made clear that it would have imposed the same sentence even in the absence of the error, a remand could have been avoided. There is no hint that the Court of Appeals for the Seventh Circuit believed that the original sentence this Court imposed was anything less than reasonable. Following Zahursky's resentencing, the case was again appealed and this Court's sentence was affirmed. Again, there is nothing that indicates that the Court of Appeals found the sentence imposed unreasonable. While Zahursky may disagree with how this Court weighed the various section 3553(a) factors, he has not pointed to any error of law, constitutional or otherwise.

Zahursky's Claim That His Counsel Was Ineffective.

Zahursky claims that his counsel was ineffective:

> by lack of communication & Failure to communicate effectively the numerous concerns of the defendant regarding: definition-context, the evidence, law-policy, & civil-constitutional violations toward the defendant by the government facilitating, fabricating & inflaming the offense. In doing so, placing the Defendant in harm's way & absolute poverty: homeless, unemployable, & disabled with potential irreversabilities unnecessarily.

[DE #213 at 2; DE #213-2 at 5].

With regards to the "definition-context" issue, Zahursky argues that there was no "persuasion, inducement, enticement, coercion, sexual activity, minor, prostitution, harm, abuse, exploitation,

-14-

"crime of violence," "attempt", or even a <u>crime</u> (violation against person or person's property)." [DE #213-2 at 6]. He seems to believe that he was convicted based on policy rather than the statute itself, and that the statute should take precedence over policy. [DE #213-2 at 6].

With regards to his counsel's alleged failure to effectively communicate his concerns to the Court, Zahursky notes that he expressed his concerns in writing but this Court "sealed them & shoved them aside." [DE #230 at 3]. He also complains that counsel acted upon his behalf without consulting with him or getting his approval. [DE #230 at 3].

With regards to evidence issues, Zahursky believes the evidence is "insufficiently trustworthy." [DE #213-2 at 6]. He criticized the training of the agent, whom he refers to as "overzealous." [DE #213-2 at 6]. He claims that the search of his vehicle was unwarranted. [DE #213-2 at 7]. He claims that there was not probable cause for his arrest. [DE #213-2 at 7]. He complains that large portions of his videotaped statement were not played for the jury. [DE #213-2 at 7]. He complains that S.S.'s statements were unverifiable hearsay and that reliance on these statements to enhance his sentence violates due process. [DE #213-2 at 7; DE #213-4 at 3]. He claims that his actions were inappropriate but not criminal, that they were a "means for personal enlightenment," that his questions have been sufficiently answered and that further incarceration would cause more harm than

benefit. [DE #213-2 at 8]. Elsewhere, he claims that the evidence was insufficiently trustworthy because of its sources: namely, the internet which he dubs a "fictitious environment" and the defendant whom apparently can not be taken at his word because he was engaged in a personal social experiment for enlightenment. [DE #227 at 5].

Zahursky also claims that he did not receive an appropriate psychiatric evaluation. [DE #213-4 at 3; DE #216 at 5; DE #227 at 5]. He claims that he has lived in a sheltered environment, that he is anti-social and has "quirks" and has had an unstable work history from 1990-1997. [DE #216 at 5].[3]

Because counsel is presumed effective, a defendant bears a heavy burden in proving that his attorney rendered ineffective assistance. *United States v. Guerrero*, 938 F.2d 725, 727 (7th Cir. 1991). "Only if the petitioner comes forward with 'specific acts or omissions of his counsel that constitute ineffective assistance' will [the Court] then consider 'whether these acts or omissions were made outside the wide range of professionally competent assistance.'" *Hutchings v. Unites States*, 618 F.3d 693, 697 (7th Cir. 2010) (citing *Berkey v. United States*, 318 F.3d 768 (7th Cir. 2003). A claim for ineffective

---

[3]The record established that Zahursky did receive a competency examination, and that following that exam (which reported that he was indeed competent) Zahursky through counsel waived a competency hearing and withdrew his motion that the Court make a competency finding. [See DE #33, DE #37]. A psychologist with the BOP also provided an addendum concluding that Zahursky did not appear to be suffering a several mental disease or defect at the time of the alleged crime.

assistance of counsel can only prevail if the defendant satisfies the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this test, the defendant must show: (1) that the attorney's representation fell well below an objective standard of reasonableness (performance prong) and (2) that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different (prejudice prong). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the case. *Strickland*, 466 U.S. at 694.

Zahursky does not discusses his counsel by name when he sets forth his ineffective assistance of counsel argument. He had one attorney at trial and sentencing, a different attorney for his first appeal, and a third attorney for the remand and second appeal. This Court is left guessing which counsel he believes was ineffective. His filings convey a disdain for each and every one of his attorneys, and so this Court presumes that he believed they were each ineffective in some way.

Some of the issues included in Zahursky's 2255 petition have already been raised in his direct appeal; namely, his claim that the search of his vehicle was unwarranted and his challenges to the admissibility of SS's testimony under Rule 404(b). *See United States v. Zahursky*, 580 F.3d 515 (7th Cir. 2009). This Court will not now address issues already decided by the Seventh Circuit in Zahursky's direct appeal. *See Belford*, 975 F.2d at 313.

With regards to arguments not raised on appeal, Zahursky's motion and the many supplemental filings do not even attempt to demonstrate the required "cause" and "prejudice" that might explain his failure to raise these issues on direct appeal.  The Court recognizes that claims for ineffective assistance of counsel are often not appropriate for resolution on a defendant's direct appeal and, therefore, are often properly before courts on section 2255 motions.  *See Bond v. United States*, 1 F.3d 631, 635 (7th Cir. 1993).  However, because Petitioner's claims for ineffective assistance of counsel at trial or at his first sentencing do not rely on evidence outside the record, Petitioner could have pursued these claims on direct appeal – especially because Zahursky was represented by different appointed counsel on appeal than he was at sentencing (thus eliminating any conflict created by the possible need for an appellate lawyer to argue that his/her assistance at trial or sentencing was ineffective). Zahursky does not explain his failure to pursue these ineffective assistance of counsel claims in his direct appeal.  As such, his claims are procedurally barred.  *McCleese*, 75 F.3d at 1177.

Even if Zahursky's ineffective assistance claims were not procedurally barred, they would fail because Zahursky has not demonstrated ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), as described earlier in this opinion and order.  A court can resolve an ineffective assistance claim by deciding either *Strickland* prong against the defendant; the court need

not consider the performance prong before the prejudice prong. Zahursky cannot criticize his counsel for failing to pursue arguments that lack merit. Zahursky has not established that any of his arguments are meritorious, and he has made no effort whatsoever to demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In other words, the evidence in this case was overwhelming and Zahursky has not demonstrated how anything that he believes his counsel (and this includes his trial counsel, appellate counsel, and counsel following remand) should have done would have resulted in an acquittal or a lesser sentence.

Before closing, the Court will address briefly the letter from Attorney Connor referenced earlier, and attached to Zahursky's petition. In this letter, Attorney Connor outlined for Zahursky a possible issue to be raised in a 2255 petition based on a guideline enhancement for a pseudo-count. Attorney Connor is referencing an enhancement applied under U.S.S.G. section 2G1.3(d) and based on Zahursky's chats with holly1989cuties. Zahursky has underlined portions of Attorney Connor's letter but his motion and the many supplements makes no mention of his chats with holly1989cuties and do not specifically challenge this Court's application of the enhancement under U.S.S.G. section 2G1.3(d). His motion and supplements also do not argue that either his trial counsel or appellate counsel were

-19-

ineffective for failing to raise this argument. While *pro se* litigants are entitled to liberal construction of their pleadings, it is also true that this Court can not rewrite Zahursky's petition for him. *See Barnett v. Hargett*, 174 F.3d 1128 , 1133 (10th Cir. 1999). While the Seventh Circuit's opinion may have hinted at a possible issue to be raised in a 2255 petition, Zahursky has not raised this issue; no reasonable reading of his motion can import such an argument. And, even if this Court could construe his petition as raising this issue, he has not demonstrated that it is not procedurally barred, that his counsel was ineffective in not raising the argument (as opposed to it being a reasonable strategic decision), or that he was prejudiced by counsel's failure.[4]

A Certificate of Appealability is not Warranted.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing section 2255 proceedings, and 28 U.S.C. section 2253(c), the Court **DENIES** a certificate of appealability. The Court determines that Zahursky has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or

---

[4]This Court was hesitant to reduce Zahursky's sentence at all following the Seventh Circuit's remand. [DE #207 at 37]. It is highly unlikely that this Court would have reduced Zahursky's sentence any further even if the guideline calculation did not include a two level increase under U.S.S.G. section 2G1.3(d).

wrong" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the event that Zahursky files a notice of appeal, he must pay the $455 appellate filing fee or obtain leave from the Court of Appeals to proceed in forma pauperis ("IFP").

CONCLUSION

For the reasons set forth above, this motion is **DENIED** and the action is **DISMISSED WITH PREJUDICE.** Additionally, the Court finds that a certificate of appealability should not issue.

The requests contained in various letters and/or supplements to the 2255 petition [DE #216, DE #218, DE #227], a Motion to Resolve by the Granting of the Requested Relief [DE #228], a request for a response by October 31, 2012 [DE #229], a Motion to Resolve by Granting the Entitled Relief [DE #230], a Motion to Resolve by the Granting of Entitled Relief by November 16, 2012 [DE #231], a Motion for Resolve by the Granting of Entitled Relief Within 30 days [DE #232], and a Motion-Petition to Resolve Amiably Cause Number 2:12-CV-85 by the End of 2012 or so by the Granting of the Requested Relief [DE #233] are **DENIED AS MOOT.**

DATED: October 26, 2012            /s/ RUDY LOZANO, Judge
                                   **United States District Court**

-21-