UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERIK D. ZAHURSKY, )<br>)<br>Defendant. ) | Case No. 2:06-cr-109 |

**REPORT AND RECOMMENDATION**

On August 13, 2025, District Judge James T. Moody referred the Petition for Warrant for Offender Under Supervision filed on October 24, 2023 to the undersigned magistrate judge. [DE 399]. A hearing was conducted on October 6, 2025. The Government offered 15 exhibits into evidence, and the defendant, Erik Zahursky, testified. The court now **RECOMMENDS** that the following findings of fact and conclusion of law be accepted by the district judge and that Zahursky receive a 3-year sentence followed by a 10-year term of supervised release.

1) On January 14, 2008, based on a violation of 18 U.S.C. § 2422(b), District Judge Rudy Lozano sentenced Zahursky to a term of 262-months imprisonment followed by a 20-year term of supervised release.

2) On April 29, 2011, Judge Lozano reduced the sentence to 210-months imprisonment but retained the 20-year period of supervised release.

3) On September 2, 2021, the first petition was filed alleging Zahursky violated the terms of his supervised release. On March 9, 2023, Judge Moody approved the agreement filed by the Government and Zahursky and found that Zahursky had violated the terms of his supervision.

4) On May 18, 2023, Zahursky entered the Lake City Bank in Fort Wayne, Indiana for the purpose of cashing a check. Zahursky was in possession of a check made payable to him in the amount of $4,895.69 with Vahala Foam Incorporated as the payor.

5) Zahursky admitted that he never had been employed by Vahala and that the company did not owe him any money.

6) According to Zahursky, the teller refused to cash the check because "the numbers did not match."

7) Zahursky was charged in Allen County Superior Court with two felonies relating to his attempt to cash the Vahala check. He remained in custody from October 2023 to January 2025. Because any sentence imposed would have amounted to time served, the state charges were dismissed.

8) Although Zahursky admitted that he had attempted to cash the check, he gave a preposterous account of how he came into possession of it. According to Zahursky, a total stranger approached him at a bus stop and asked Zahursky to do him a "favor." The stranger allegedly needed a check cashed so that he could pay his employees in cash.

9) After a 2-hour car ride, the first stranger got out of the car, and a second man got into the car with the check made payable to Zahursky and containing the information on Zahursky's state I.D. card.

10) Zahursky provided other outlandish details concerning his dealings with the unidentified individuals. For some unknown reason, the phantom accomplices were nowhere to be found when Zahursky left the bank. He could not explain why they would abandon him with almost $5,000.00 in cash which was needed to pay their employees.

11) Zahursky committed perjury at the hearing.

12) The maximum sentence is 3-years imprisonment.

It is **RECOMMENDED** that the defendant, Erik Zahursky, receive a 3-year sentence followed by a 10-year term of supervised release. It is also **RECOMMENDED** that the terms of supervision contained in the Summary of Violation filed by Probation [DE 388] on March 5, 2025 be **APPROVED**.

ENTERED this 7th day of October, 2025.

/s/ Andrew P. Rodovich  
United States Magistrate Judge